UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOBY S.P.A.,<br><br>      Plaintiff,<br><br>v.<br><br>MORGAN STANLEY, MORGAN STANLEY & CO. LLC, ANTONELLO DI MEO, MASSIMO PIAZZI AND DOV HILLEL DRAZIN,<br><br>      Defendants. | Case No. 1:21-cv-08031 |

**DECLARATION OF GABRIEL F. SOLEDAD IN SUPPORT OF PLAINTIFF MOBY S.P.A.'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

  I, Gabriel F. Soledad, pursuant to 28 U.S.C. § 1746 and upon penalty of perjury, declare as follows:

  1. I am a resident of the District of Columbia, over the age of 18, and competent to make this declaration. I could and would testify as to the matters set forth herein, if called upon to do so.

  2. I am a partner with Quinn Emanuel Urquhart & Sullivan, LLP, and counsel for Plaintiff Moby S.p.A. ("Moby") in the above-captioned action. I am an attorney in good standing with the New York State Bar and am admitted to practice in the District Court for the Southern District of New York. I submit this declaration and its accompanying exhibits in support of Moby's Application for a Temporary Restraining Order and Preliminary Injunction ("Application").

  3. No prior application for the relief sought herein has been requested.

4.     Moby's Application is supported by its Verified Complaint, which sets forth facts clearly showing that Moby is at risk of suffering immediate and irreparable injury if Defendants Morgan Stanley, Morgan Stanley & Co. LLC, Antonello Di Meo, Massimo Piazzi and Dov Hillel Drazin (collectively, "Defendants") are not restrained from (i) acquiring, selling or otherwise trading any notes issued by Moby ("Notes"); (ii) attaching any Moby assets; and (iii) otherwise interfering with Moby's restructuring.  Specifically, should Defendants acquire a majority of the Notes, they will be able to assume control of, and liquidate, Moby.

5.     Moby is seeking to obtain a temporary restraining order without notice because proceeding otherwise would render further proceedings in this case futile, as providing notice to Defendants would prompt them to acquire at the earliest possibility the Notes needed to gain control over Moby and execute on their plan to push the company into liquidation.

6.     As detailed in the Verified Complaint, Defendants have displayed a pattern of disregard towards the law and have been engaged in a scheme to take control of Moby, including through unlawful and deceptive means, since in or around 2018.

7.     Further, because of Moby's pressing need for the requested injunctive relief, as well as the difficulties in personally serving the two Defendants that reside outside the United States, I respectfully request that personal or email service of the Order to Show Cause and supporting papers on Defendants be deemed good and sufficient.

8.     Attached hereto as Exhibit A is a true and correct copy of a Statement of Renee Hochman, dated September 26, 2021, reflecting the transcription of audio recordings of meetings held between May 19 and August 22, 2021.

9.     Attached hereto as Exhibit B is a true and correct copy of an Indenture, dated February 11, 2016, governing Moby's bonds.

10. Attached hereto as Exhibit C is a true and correct copy of a nondisclosure agreement, dated February 7, 2020, executed by Sound Point Capital Management, LP.

11. Attached hereto as Exhibit D is a true and correct copy of a nondisclosure agreement, dated February 11, 2021, executed by Antonello Di Meo.

Dated: Washington, DC
       September 28, 2021

By: */s/* Gabriel F. Soledad
    Gabriel F. Soledad