**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S EMAIL ADDRESS
juanmorillo@quinnemanuel.com

October 19, 2021

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

Re:     *Moby S.p.A. v. Morgan Stanley, et al.*, No. 21-cv-8031 (GHW)

Dear Judge Woods:

Plaintiff Moby S.p.A. ("Moby") hereby responds to the letter filed by Defendants Morgan Stanley, Morgan Stanley & Co. LLC, Massimo Piazzi and Dov Hillel Drazin ("Morgan Stanley") (ECF 39) ("MS Letter") requesting leave to seek sanctions against Moby in the form of reimbursement for the attorneys' fees and costs incurred in "defending" against this action.

Morgan Stanley's request is a transparent and improper end-run around Federal Rule of Civil Procedure 41. Moby properly dismissed the Complaint under Rule 41. *See* ECF 36. Morgan Stanley does not dispute that, yet it asserts that this Court should nonetheless sanction Moby for costs. But Rule 41 does not permit the court in the dismissed action to award costs. *See Delvalle v. Cedric Kushner Promotions, Ltd.*, 2000 WL 1915808, at *1 (S.D.N.Y. Jan. 9, 2000) (Rakoff, J.) ("Rule 41(d) makes plain that only the court before which the ***new*** action is filed is given power under the rule to award the costs of the dismissed action.") (emphasis added); *see also* Rule 41(d).

Recognizing that, Morgan Stanley avoids any mention of Rule 41, characterizing its claim, not as one for costs based on Moby's dismissal under Rule 41, but as one for costs based on alleged "forum shopping." MS Letter at 1. However, far from taking Morgan Stanley outside the ambit of Rule 41, such a (baseless) claim brings it squarely within it—because the "apparent purpose of Rule 41(d) . . . is to prevent forum-shopping." *Delvalle*, 2000 WL 1915808, at *1. Accordingly, Rule 41 not only reaches Morgan Stanley's claim, but disposes of it because Rule 41 empowers a federal court only to prevent forum shopping "within the federal court system," *id.*—not between federal and state courts, which is Morgan Stanley's allegation here.[1] Pursuant to Rule 41, then,

---

[1] In *Delvalle*, Judge Rakoff considered precisely the same situation as that in this action: a plaintiff alleging violations of RICO, 18 U.S.C. § 1961, *et seq.*, and of New York state law, voluntarily dismissed the case pursuant to Rule 41(a)(1) and subsequently filed state law claims against the defendants in New York State Supreme Court. In denying costs to the defendant in that action for alleged "forum shopping," Judge Rakoff made clear that "[e]ven if the rule also

The Honorable Gregory H. Woods
October 19, 2021
Page 2 of 4

this Court should leave any decision as to whether Moby should be sanctioned to the relevant state court.  *See, e.g.*, *Sargeant v. Hall*, 951 F.3d 1280, 1286 (11th Cir. 2020) ("The Federal Rules of Civil Procedure are designed to regulate conduct in federal court . . . so when the second action is filed in state court, it should be state law which determines whether and to what extent costs and/or fees should be assessed against the plaintiff.").[2]

In any event, Morgan Stanley has not proffered any evidence to suggest that it will meet the extraordinarily high standard for sanctions under the Court's inherent authority: that Moby acted with bad faith.  *See Wilson v. Citigroup, N.A.*, 702 F.3d 720, 724 (2d Cir. 2012) ("[A] district court may not impose attorney's fees as a sanction without first making an explicit finding that the sanctioned party . . . acted in bad faith in engaging in the sanctionable conduct."); *United States v. Seltzer*, 227 F.3d 36, 41–42 (2d Cir. 2000) (same).  Bad faith requires that Morgan Stanley demonstrate **both** that Moby acted (1) without a colorable basis in fact or law, and (2) was motivated by improper purposes.  *See, e.g.*, *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).  Morgan Stanley has no hope of meeting either element, let alone both.

*First*, Morgan Stanley has not so much as mentioned how it will demonstrate that Moby lacked a colorable basis in fact or law to initiate this proceeding.  And Morgan Stanley's arguments in opposing Moby's Application confirm that it cannot.  For example, in its 25-page opposition to the Application, Morgan Stanley purports to support its claim that Moby failed to allege domestic injury under RICO (its primary argument for why the claim is frivolous) with precisely two cases, one is an out of district case and the other is an out of circuit case. ECF 25 at 8–10.  And far from disputing the material facts, Morgan Stanley's opposition confirms them.

*Second*, underlining the speculative nature of its claim, Morgan Stanley cannot even decide what it believes Moby is doing in bad faith, asserting that Moby is attempting "**either** to deter Morgan Stanley and its affiliates from freely trading bonds it owns, **or** to extract as-of-yet unspecified commercial concessions." MS Letter at 1 (emphases added).  Neither allegation comes close to meeting the bad faith standard.  As to the former, having withdrawn the Application, there is nothing in this dismissed action (or in the state court action) that would "deter Morgan Stanley . . . from freely trading bonds it owns"—if Morgan Stanley is confident in the lawfulness of its

---

serves the broader purpose of penalizing a plaintiff for re-filing the very suit he has previously dismissed, the rule does not address the situation here presented, where a plaintiff refiles his state law claims in state court only after he has excised his federal claims altogether and therefore incurs the effective penalty of foregoing his federal claims." *Delvalle*, 2000 WL 1915808, at *1.

[2]  This is not the first time Morgan Stanley has sought to circumvent a rule to obtain costs.  On October 5, 2021, Morgan Stanley sought leave to file a motion for "sanctions *under Federal Rule of Civil Procedure 11* to recover costs . . . ." ECF 29 at 1 (emphasis added).  The very next day, Morgan Stanley changed course, and purported to "clarify" with the Court that its request was under "this Court's inherent powers." ECF 32.  Morgan Stanley's "clarification" was, however, directly at odds with the express language of its October 5 letter, such that it can only be understood as a transparent attempt to circumvent Rule 11 while not admitting that it engaged in the very same conduct for which it seeks sanctions of Moby: withdrawing a submission before this Court.

conduct. And, as to the latter, accusing Moby of possibly attempting to extract "as-of-yet unspecified commercial concessions" is wildly speculative—far too much so to establish bad faith. Recognizing that its assertions regarding Moby's conduct in this case fail, Morgan Stanley cites to and mischaracterizes Moby's conduct in a *different* lawsuit between *different* parties that was dismissed for *different* reasons (after a resolution with the parties to that suit—who have since raised no grievances regarding it). MS Letter at 2. But Moby's conduct in that case is evidence only of Moby's commitment to resolving its disputes without unnecessarily burdening U.S. courts.

Simply put, Morgan Stanley's run-of-the-mill grievances cannot justify sanctions under the Court's inherent authority, which requires much more. *See, e.g.*, *DAG Jewish Directories, Inc. v. Y & R Media, LLC*, 2010 WL 3219292 (S.D.N.Y. 2010) (plaintiff submitted fabricated evidence to court); *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548 (S.D.N.Y. 2008) (plaintiff obtained evidence through unauthorized access to an email account).

The reality is that Moby has acted in a manner consistent with what both Rule 41 and Rule 11 intend to promote: facilitating dismissal of an action or withdrawal of a submission. *See, e.g.*, Notes of Advisory Committee on Rules—1993 Amendment to Rule 11. Here, Moby filed its Application and Complaint based on well-pleaded claims in the good-faith belief that doing so was necessary to avoid irreparable harm. After circumstances in Italy made Moby's Application unnecessary, Moby promptly withdrew it, saving Defendants and the Court any further preparation for and appearance at the hearing. Incredibly, it is Moby's efforts to promote efficiency, that form the basis of Morgan Stanley's claim regarding the Application. *See* ECF 29 at 3 ("By making no effort to reply and instead simply withdrawing its application, Moby all but admits its 'emergency' motion was meritless and unnecessary."). Likewise, within a week of an October 7, 2021 conference during which the Court expressed significant skepticism regarding Moby's RICO claim and two weeks before Morgan Stanley's motion to dismiss was due, Moby decided to drop that claim. In doing so, Moby lost its basis for federal subject matter jurisdiction, leaving Moby no choice but to dismiss the lawsuit. Moby refiled only tortious interference claims in state court.

Morgan Stanley purports to be proceeding in furtherance of its previous request for sanctions, but Moby's dismissal under Rule 41 moots its prior request. Rule 41 simply does not permit the kind of speculation that Morgan Stanley engages in to justify its request. *See Wolters*, 564 F.3d at 114–15 ("Dismissal of a suit may be disruptive and annoying, but it is permitted by the rules . . . . It follows that [plaintiff] was entitled to file a valid Rule 41 notice of voluntary dismissal for any reason, and the fact that it did so to flee the jurisdiction or the judge does not make the filing sanctionable."); *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979) ("[P]laintiffs tend to dismiss actions that do not look promising while defendants generally want to obtain an adjudication on the merits in precisely the same cases. [But as] long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge."). Following the strictures of Rule 41 makes particular sense here, where ruling on Morgan Stanley's motion would require the Court to effectively decide the merits of a dismissed action, which the Court recognized when it stated that the motion to dismiss briefing would inform the merits of any sanctions motion. *See* ECF 37 (Oct. 7, 2021 Tr. 32:7-13).

For the foregoing reasons, Morgan Stanley's request should be denied.

The Honorable Gregory H. Woods
October 19, 2021
Page 4 of 4

                                                                    Respectfully submitted,

                                                                     Juan P. Morillo
                                                                     (admitted *pro hac vice*)

cc:       Counsel of Record by ECF Filing